**Ricky Lee GRUBBS, Appellant,**

v.

**Paul DELO, Appellee.**

No. 90–1664.

United States Court of Appeals,
Eighth Circuit.

Oct. 20, 1992.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BRIGHT, J., concurring and dissenting, and will follow with an opinion.

BRIGHT, Senior Circuit Judge, concurring in part and dissenting in part.

I agree that Grubbs' pro se petition, as submitted, does not entitle him to a new hearing in this court.

However, I dissent from the denial of his request for a stay of execution. I would grant a ten-day stay, subject to further proceedings.

These are the precipitous events leading to execution. On September 28, 1992, Grubbs filed a petition for rehearing and motion to remand the case to the district court for further proceedings. He also asked for appointment of substitute counsel.

On October 5, 1992, the United States Supreme Court denied Grubbs' petition for certiorari. *Grubbs v. Delo,* — U.S. —, 113 S.Ct. 109, 121 L.Ed.2d 67 (1992).

On October 8, 1992, the State of Missouri[1] filed its suggestions in opposition to Grubbs' motions. Pending resolution of his motions, the State of Missouri, on October 9, 1992, issued a warrant of execution for 12:01 a.m., October 21, 1992.

On October 16, 1992, Grubbs timely filed a reply response to the State of Missouri's suggestions in opposition to Grubbs' motions. Most recently, on October 16, 1992, we granted Grubbs' motions in part, appointing substitute counsel.

I dissent from the court's refusal to grant a stay of execution for two reasons:

1. Newly appointed counsel had no time or opportunity to file their views on the pending motions or to supplement them.

2. The substance of Grubbs' motions supports the views of Justice Blackmar of the Supreme Court of Missouri, who in a concurring opinion wrote:

> This case seems to have arisen out of a drinking session. The killing was shocking and senseless, but numerous life sentence cases are reported in which the ultimate punishment is much more appropriate than in this case (if, indeed, we must depart from the practice of nations who follow the western tradition in exacting the death penalty). The defendant had numerous convictions, but none for major offenses. His is an unlikely selection for the death sentence, when some juries assess it and some do not.

*State v. Grubbs,* 724 S.W.2d 494, 502 (Mo.) (en banc) (footnotes omitted), *cert. denied,* 482 U.S. 931, 107 S.Ct. 3220, 96 L.Ed.2d 707 (1987).

I believe the new facts alleged in Grubbs' petition justify additional consideration by this court. Among other things, Grubbs presented an affidavit from Dr. A.E. Daniel who had testified for the State at Grubbs' murder trial.

Dr. Daniel, on review of additional background evidence not previously supplied to him as a prosecution witness, gave this new opinion:

> In light of the above information, the combined factors of severe intoxication and low intellectual functioning, I believe Mr. Grubbs was incapable of forming the necessary mental intent for capital murder as defined in R.S.Mo. 565.020. Petitioner Ricky Grubbs lacked the mental capacity to deliberate and coolly reflect upon his actions.

Exhibit A to Appellant's Petition for Rehearing and Motion for Remand to the District Court (Affidavit of A.E. Daniel, M.D. dated Sept. 23, 1992) p. 2.

I believe this matter justifies further consideration by this panel. New counsel for Grubbs deserves an opportunity to represent him properly before this court. I would grant a stay of execution for ten days in which counsel might submit a written brief in support of Grubbs' petition for rehearing and motion for remand to the district court.

I see no reason for an unseemly rush to execution.

---

1. The State of Missouri here acts through appellee Paul Delo.